CT Corporation

**Service of Process Transmittal**
10/23/2013
CT Log Number 523749790

TO:    Nelson Hayes
       C.R. England, Inc.
       4701 West 2100 South
       Salt Lake City, UT 84120

RE:    **Process Served in Utah**

FOR:   C.R. England, Inc. (Domestic State: UT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Marvis L. Stewart, Pltf. vs. C.R. England, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice, Affidavit, Summons, Complaint, First Request(s), Interrogatories and Request(s) |
| **COURT/AGENCY:** | Dekalb County State Court, GA<br>Case # 13A491446 |
| **NATURE OF ACTION:** | Personal Injury – Vehicle Collision – October 18, 2011 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Midvale, UT |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/23/2013 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Utah |
| **APPEARANCE OR ANSWER DUE:** | Earliest Answer Date: Within 30 days after service upon you, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | N. John Bey<br>Bey & Associates, LLC.<br>191 Peachtree Street, N.E.<br>Suite 3300<br>Atlanta, GA 30303<br>404-344-4448 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/24/2013, Expected Purge Date: 10/29/2013<br>Image SOP<br>Email Notification, Nelson Hayes nelsonh@crengland.com<br>Email Notification, David Allred davida@crengland.com<br>Email Notification, T.J. England Tj.england@crengland.com<br>Email Notification, Kelly Larson kelly.larson@crengland.com<br>Email Notification, Becky Koplin becky.koplin@crengland.com<br>Email Notification, Jesse Hayes jesse.hayes@crengland.com<br>Email Notification, Tyler Hayes Tyler.hayes@crengland.com<br>Email Notification, Lisa Serrano lisa.serrano@crengland.com<br>Email Notification, Kelly Lowre kelly.lowre@crengland.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 1108 East South Union Avenue<br>Midvale, UT 84047 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of  1 / JN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



DEFENDANT'S EXHIBIT



CERTIFIED MAIL

7011 2000 0001 0084 9249

John
c/o Beyard Associates
191 Peachtree St
Suite 3300
Atlanta, GA 30303

CR England.
c/o CT Corpor
1108 East Sou
Midvale, UT

FILE COPY

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

MARVIS L. STEWART,                          )
                                            )
   Plaintiff,                               )          CIVIL ACTION FILE NO.:
                                            )
                                            )          13A49144-6
vs.                                         )
                                            )
C.R. ENGLAND, INC., ENGLAND LOGISTICS       )
INC., ENGLAND CARRIER SERVICES, ECS ,       )
PREMIER TRUCK DRIVING SCHOOL                )
and AARON SALVATORE MUTOLO,                 )
                                            )
                                            )
   Defendants.                              )

---

### NOTICE OF SERVICE

Notice is hereby given that the service on the C.R. England Inc., has been perfected by

serving a copy of the Complaint and Summons on the Georgia Secretary of State under the

authority of O.C.G.A. Section 40-12-2 which is a part of the Georgia Non-Resident Motorist

Act.

This _____ day of October, 2013

_____
N. John Bey
Georgia Bar No.: 118279
*Attorney for the Plaintiff*

**BEY & ASSOCIATES, LLC.**
191 Peachtree Street, N.E.
Suite 3300
Atlanta, GA 30303
Phone: 404-344-4448
Fax: 404-393-6107
Email: john@beyandassociates.com

SECRETARY OF STATE
CORPORATIONS DIVISION
2013 OCT 18  PM 4: 56

FILE COPY

## PLAINTIFF AFFIDAVIT OF COMPLIANCE FOR
## SERVICE OF PROCESS UPON NON-RESIDENT MOTORISTS

I, N. John Bey, the undersigned, am the attorney who represents the Plaintiff in the case of:

MARVIS L. STEWART,
vs.
C.R. ENGLAND, INC., ENGLAND LOGISTICS INC.,
ENGLAND CARRIER SERVICES, ECS,
PREMIER TRUCK DRIVING SCHOOL AND
AARON SALVATORE MUTOLO

Civil Action No. 13A49144-6

I do hereby certify that, in accordance with O.C.G.A. Section 40-12-2, I have forwarded by registered or certified mail Notice of Service of the above case along with a copy of the Complaint and process to the Defendant at the following address:

C.R. ENGLAND, INC.
By and through its last known Registered Agent
C T CORPORATION SYSTEM
1108 E SOUTH UNION AVE
MIDVALE, UT 84047

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon the Defendant by the Plaintiff and (2) this Plaintiff's affidavit of compliance.

This 17th day of October, 2013.

N. John Bey
Georgia Bar No. 1118279
Bey & Associates, LLC.
191 Peachtree Street
Suite 3300
Atlanta, GA 30303

Sworn to and subscribed before
me this 17th day of October, 2013.

Notary Public
My Commission Expires:

o. 13 A 49144 6

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

**SUMMONS**

ate Summons Issued and Filed
10-18-13

m Cheek
_____
Deputy Clerk

eposit Paid $ 217 50    JURY

Marvis L. Stewart
191 Peachtree Street, Ste 3300, Atlanta, Ga 30303
(Plaintiff's name and address)

] **ANSWER**

vs.

] **JURY**

C. R. England, England Logistics,
England Carrier Services, ECS,
Premier Truck Driving School and Aaron Silve

R IPD

(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Beyr Associates, LLC   ATTN: John Bey, Esq.
(Name)
191 Peachtree Street, Suite 3300, Atlanta, Ga 30303
(Address)
404 - 344 - 4448              118279
(Phone Number)              (Georgia Bar No.)

n **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day f service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of his action.)

| | |
|---|---|
| Defendant's Attorney | Third Party Attorney |
| | |
| Address | Address |
| Phone No.          Georgia Bar No. | Phone No.          Georgia Bar No. |

**TYPE OF SUIT**

] Account          ☑ Personal Injury
] Contract         ☐ Medical Malpractice
] Note             ☐ Legal Malpractice
] Trover           ☐ Product Liability
                   ☐ Other

] Transferred From _____

| | | |
|---|---|---|
| Principal | $ | _____ |
| Interest | $ | _____ |
| Atty Fees | $ | _____ |

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

No. 13 A 49144-6

Date Summons Issued and Filed
10-18-13

PERSONAL INJURY

C913

**SUMMONS**

_____
Deputy Clerk
mCheek

JURY

Deposit Paid $ 217.50

[ ] **ANSWER**

[ ] **JURY**

Marvis L. Stewart
191 Peachtree Street, Ste 3300, Atlanta, Ga 30303
(Plaintiff's name and address)

vs.

C. R. England, England Logistics, Inc.,
England Carrier Services, ECS,
Premier Truck Driving School and Aaron Salvatore
(Defendant's name and address)

R IPD

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Bey & Associates, LLC   ATTN: John Bey, Esq.
(Name)
191 Peachtree Street, Suite 3300, Atlanta, Ga 30303
(Address)
404-344-4448          118279
(Phone Number)          (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____     _____

Defendant's Attorney                          Third Party Attorney

_____     _____

_____     _____

Address                                          Address

_____     _____

Phone No.          Georgia Bar No.          Phone No.          Georgia Bar No.

**TYPE OF SUIT**

| | | | |
|---|---|---|---|
| [ ] Account | [✓] Personal Injury | Principal | $ _____ |
| [ ] Contract | [ ] Medical Malpractice | | |
| [ ] Note | [ ] Legal Malpractice | Interest | $ _____ |
| [ ] Trover | [ ] Product Liability | | |
| | [ ] Other | Atty Fees | $ _____ |

[ ] Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

summons1-2008rev



IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MARVIS L. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: *13A49144-6* |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| vs. | ) | |
| | ) | |
| C.R. ENGLAND, INC., ENGLAND LOGISTICS | ) | |
| INC., ENGLAND CARRIER SERVICES, ECS , | ) | |
| PREMIER TRUCK DRIVING SCHOOL | ) | |
| and AARON SALVATORE MUTOLO, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff Marvis L. Stewart, individually, in the above-styled civil action and
hereby files his Complaint for Damages and respectfully shows this Honorable Court the following:

### PARTIES AND JURISDICTION

1.

Plaintiff Marvis L. Stewart is a resident of the State of South Carolina who resides at 115
Gate Street, Sumter SC 29150.

2.

Defendant C.R. England Inc., (hereinafter Defendants) is an interstate motor carrier
incorporated in the state of Utah.

3.

Defendant C.R. England Inc., is a foreign corporation located at 4701 West 2100 South, Salt
Lake City, Utah 84120, which transacts business in the state of Georgia. Defendant C.R. England is
subject to the jurisdiction and venue of this Honorable Court pursuant to the laws of the State of
Georgia and service of process of the Summons and Complaint may be perfected upon their

registered agent C.T. Corporations System at 1108 East South Union Avenue, Midvale, Utah 84047.

4.

Defendant C.R. England can be properly served at the following address: 1108 East South Union Avenue, Midvale, Utah 84047. Upon said service, venue will be proper and Defendant C.R. England will be subject to the jurisdiction of this Court.

5.

Defendant England Logistics, Inc., (hereinafter Defendants) is an interstate carrier incorporated in the state of Utah.

6.

Defendant England Logistics Inc., is a foreign corporation located at 4701 West 2100 South, Salt Lake City, Utah 84120 , which transacts business in the state of Georgia. Defendant England Logistics is subject to the jurisdiction and venue of this Honorable Court pursuant to the laws of the State of Georgia and service of process of the Summons and Complaint may be perfected upon their registered agent Nelson Hayes at 4701 West 2100 South, Salt Lake City, Utah 84120.

7.

Defendant England Logistics, Inc. can be properly served at the following address: 1108 East South Union Avenue, Midvale, Utah 84047. Upon said service, venue will be proper and Defendant England Logistics, Inc., will be subject to the jurisdiction of this Court.

8.

Defendant England Carrier Services, (hereinafter Defendants) is an interstate carrier incorporated in the state of Utah.

9.

Defendant England Carrier Services, is a foreign corporation located at 1325 S 4700 West Salt Lake City, Utah 84104 , which transacts business in the state of Georgia. Defendant England

Carrier Services is subject to the jurisdiction and venue of this Honorable Court pursuant to the laws of the State of Georgia and service of process of the Summons and Complaint may be perfected upon their registered agent Nelson Hayes at 4701 West 2100 South, Salt Lake City, Utah 84120.

10.

Defendant England Carrier Services can be properly served at the following address: 4701 West 2100 South, Salt Lake City, Utah 84120. Upon said service, venue will be proper and Defendant England will be subject to the jurisdiction of this Court.

11.

Defendant ECS (hereinafter Defendants) is an interstate carrier incorporated in the state of Utah.

12.

Defendant ECS, is a foreign corporation located at 4701 West 2100 South, Salt Lake City, Utah 84120 , which transacts business in the state of Georgia. Defendant ECS is subject to the jurisdiction and venue of this Honorable Court pursuant to the laws of the State of Georgia and service of process of the Summons and Complaint may be perfected upon their registered agent Nelson Hayes at 4701 West 2100 South, Salt Lake City, Utah 84120.

13.

Defendant ECS can be properly served at the following address: 4701 West 2100 South, Salt Lake City, Utah 84120. Upon said service, venue will be proper and Defendant England will be subject to the jurisdiction of this Court.

14.

Defendant Premier Truck Driving School, (hereinafter Defendants) is an interstate carrier incorporated in the state of Utah.

15.

Defendant Premier Truck Driving School, is a foreign corporation located at 4701 West 2100 South, Salt Lake City, Utah 84120 , which transacts business in the state of Georgia. Defendant England Carrier Services is subject to the jurisdiction and venue of this Honorable Court pursuant to the laws of the State of Georgia and service of process of the Summons and Complaint may be perfected upon their registered agent Nelson Hayes at 4701 West 2100 South, Salt Lake City, Utah 84120.

16.

Defendant Premier Trucking Driving School can be properly served at the following address: 4701 West 2100 South, Salt Lake City, Utah 84120. Upon said service, venue will be proper and Defendant England will be subject to the jurisdiction of this Court.

17.

Defendant Aaron Salvatore Mutulo is a resident of California and may be served with process at his last known residence,   which is located at 106, Old Oak Court, Oakley, California 94561. Upon said service, venue will be proper and Defendant Aaron Salvatore will be subject to the jurisdiction of this Court.

18.

Said Defendants are subject to the personal jurisdiction of this Court and this Court has subject matter jurisdiction over the claims asserted herein.  Venue is proper as to all of the Defendants in the State Court of DeKalb County.

**FACTS**

Page **4** of **10**

## COUNT I – NEGLIGENCE OF DEFENDANT AARON SALVATORE

19.

Plaintiff reaffirms, alleges and incorporates herein by reference paragraphs 1 through 5 above as if fully restated herein verbatim.

20.

On October 18, 2011, Plaintiff Marvis Stewart was a driver traveling in a prudent and careful manner headed eastbound on Interstate 285 in DeKalb County, Georgia.

21.

At or about the same time, Defendant Salvatore was operating a tractor-trailer traveling east on the entrance ramp of Interstate 285 in a careless and reckless manner when he negligently and unlawfully swerved in front of Mr. Stewart crashing into the front of his vehicle.

22.

As a result of the collision, Plaintiff Marvis Stewart has sustained serious injuries and damages.

23.

At all relevant times, Defendant Aaron Salvatore owed certain civil duties to Plaintiff. Notwithstanding those duties, Defendant Aaron Salvatore did violate them in the following particulars:

   a.  In failing to make reasonable and proper observations while operating the tractor trailer, or if reasonable observations were made, failing to act thereon;

   b.  In driving the tractor-trailer in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390;

c.  In failing to observe or undertake the necessary precautions to keep from colliding with Plaintiffs vehicle in violation of O.C.G.A. § 40-6-390;

d.  In failing to maintain proper lane in violation of O.C.G.A § 40-6-48;

e.  In failing to exercise ordinary care for others in violation of O.C.G.A. § 40-6-241;

f.  In failing to maintain control of his vehicle in violation of O.C.G.A. § 40-6-50;

g.  In failing to keep a proper lookout for other vehicles in violation of O.C.G.A. § 40-6-241;

h.  In operating a vehicle at a speed greater than was reasonable and prudent under the conditions and having regard for actual and existing hazards then existing, in violation of O.C.G.A. § 40-6-180, which constitutes negligence as a matter of law;

i.  In failing to exercise extreme caution out while operating a commercial vehicle in violation of C.F.R. § 329.2; and

j.  In violating such other provisions of the Federal Motor Carrier Safety Regulations as may be supported by the evidence following discovery.

24.

Defendant, Aaron Salvatore's violations of aforementioned statutory duties of care constitute negligence *per se*.

25.

As a direct and proximate result of the breaches of duty by Defendant, Aaron Salvatore has suffered substantial injuries and damages, including past and future medical expenses, and past and future mental and physical pain and suffering, plus inability to lead a normal life. As a result of the negligence of Defendant Aaron Salvatore, Plaintiff Marvis Stewart has incurred past medical expenses in excess of $250,000.00.

<u>COUNT II – NEGLIGENCE OF DEFENDANTS C.R. ENGLAND, INC., ENGLAND
LOGISTICS INC., ENGLAND CARRIER SERVICES, ECS ,
PREMIER TRUCK DRIVING SCHOOL</u>

26.

Plaintiff reaffirms, alleges and incorporates herein by reference paragraphs 1 through 25 above as if fully restated herein verbatim.

27.

Defendants C.R. England, Inc., England Logistics Inc., England Carrier Services, ECS and Premier Truck Driving School ( hereinafter Defendants) are the owner and insured of the vehicle operated by Defendant Aaron Salvatore at the time of the accident.  At all times prior to and during October 18, 2011, Defendants owned and insured the subject tractor-trailer.

28.

At all relevant times, Defendants owed certain civil duties to Plaintiff.  Defendants knew or in the exercise of ordinary care, should have known, the employee, Aaron Salvatore was unsuited for the particular employment, that Defendant Aaron Salvatore was incompetent or habitually reckless to operate a vehicle.

29.

At all relevant times, Defendants allowed Defendant Salvatore to have access to the tractor-trailer despite the aforementioned knowledge.  Accordingly, Defendants are liable under the theory of Respondeat Superior, Negligent Hiring, Retention and Entrustment.

30.

Page 7 of 10

Defendants failed to exercise ordinary care with regard to selection, hiring, supervision, dispatching and training of Defendant Salvatore, and independently violated such provisions of the Federal Motor Carrier Safety Regulations as may be supported by the evidence following discovery.

31.

Defendants were negligent in its supervision of Defendant Salvatore by allowing him to operate its truck without proper supervision, the appropriate license and without the necessary certifications.

32.

Defendants were negligent by entrusting Defendant Salvatore with its truck when it knew or should have known Defendant Salvatore did not have proper supervision to drive the truck, did not have a license to operate said truck, did not have the necessary certification to operate the truck and was not fully qualified to operate the truck.

33.

One or more of the foregoing acts or omissions of the Defendants proximately caused the tractor-trailer operated by Defendant Salvatore to collide with Plaintiff.

34.

No negligence may be imputed to the Plaintiff, so the Defendants are jointly and severally liable for his injuries under the provisions of O.C.G.A. §51-12-33.

35.

As a direct and proximate result of the breaches of duty by Defendants, Plaintiff Marvis Stewart has suffered substantial injuries and damages, including past and future medical

expenses, and past and future mental and physical pain and suffering, plus inability to lead a normal life.  As a result of the negligence of Defendants, Plaintiff Marvis Stewart has incurred past medical expenses in the amount of at least $250,000.00.

## EXPENSES OF LITIGATION

36.

The allegations in paragraph one through 22 are incorporated herein by reference.

37.

Plaintiff is entitled to recover expenses in litigation including reasonable attorneys fees pursuant to O.C.G.A. § 13-6-11 due to bad faith in the transaction as evidenced by violation of mandatory safety rules.

## PUNITIVE DAMAGES

38.

The allegations in paragraphs one through 21 are incorporated herein by reference.

39.

Upon information and belief it appears that the conduct of one or more of the Defendants reflects such an entire want of care as would raise a presumption of conscious indifference to consequences, so that the court would be authorized to enter a judgment for punitive damages in such amount that would be adequate to penalize, punish and deter such conduct in the future, pursuant to O.C.G.A. § 51-12-5.1.

40.

## PRAYER FOR RELIEF

WHERFORE, Plaintiffs respectfully prays and demands as follows:

a.     That the Plaintiffs recover all special damages, including medical expenses, in an

       amount to be proven at trial;

b.     That Plaintiffs have and recover general damages from such Defendants as the

       jury deems are liable to Plaintiffs and in such an amount as the jury deems just;

c.     That the Plaintiffs recover for pain and suffering, loss of enjoyment of life and

       emotional distress in the amount to be determined by the jury;

d.     That Plaintiffs recover reasonable attorney's fees, costs and expenses of litigation

       as allowed by law, including as allowed by O.C.G.A. § 13-6-11;

e.     That Plaintiffs have such other and further relief as the Court may deem just and

       proper;

f.     That process and summons issue, as provided by law, requiring Defendants to

       appear and answer Plaintiffs' complaint;

g.     That service be had upon Defendants as provided by law; and

h.     That all issues be tried before a jury of 12 persons.

Respectfully submitted this 18th day of October 2013.

N. John Bey
Georgia Bar No.: 118279
*Attorney for the Plaintiff*

**BEY & ASSOCIATES, LLC.**
191 Peachtree Street, N.E.
Suite 3300
Atlanta, GA 30303
Phone: 404-344-4448
Fax: 404-393-6107
Email: john@beyandassociates.com

STATE COURT OF
DEKALB COUNTY, GA.
2013 OCT 18 PM 12: 20
FILED
BY: _____
DEPUTY CLERK



IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MARVIS L. STEWART,                        )
                                          )
        Plaintiff,                        )     CIVIL ACTION FILE NO.: 13 A49144.6
                                          )
                                          )     JURY TRIAL DEMANDED
vs.                                       )
                                          )
C.R. ENGLAND, INC., ENGLAND LOGISTICS     )
INC., ENGLAND CARRIER SERVICES, ECS ,     )
PREMIER TRUCK DRIVING SCHOOL              )
and AARON SALVATORE MUTOLO,               )
                                          )
        Defendants.                       )

---

PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
AARON SALVATORE MUTOLO

---

Plaintiffs hereby requests that Defendant admit for the purpose of this action the

truth of the following facts within forty-five (45) days after the date of service hereof and

in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or

denied, please state in detail the reasons why you cannot truthfully admit or deny the

matter. If you cannot admit or deny the request in its entirety, please specify that part

which you cannot admit or deny and state in detail the reasons for any such

qualifications. If you assert any claim of privilege in response to any or all of these

requests, set forth, with respect to each such request(s) as to which a claim of privilege is

asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and

the basis for your claim.

## I.   REQUESTS FOR ADMISSION

1.

Please admit that the motor vehicle operated by Defendant was either owned by Defendant or was being operated by Defendant with the knowledge, permission, and consent of its owner.

2.

Please admit that the Defendant was negligent in the operation of a motor vehicle which resulted in the subject collision.

3.

Please admit that the Defendant received a citation issued by the investigating law enforcement agency arising out of the subject collision.

4.

Please admit that Defendant pled guilty to or forfeited the bond for said citation in connection with the subject collision.

5.

Please admit that Plaintiff was injured in the subject collision.

6.

Please admit that the Plaintiff's actions did not cause or contribute to the subject collision.

7.

Please admit that Plaintiff incurred medical expenses for treatment of injuries resulting from this subject collision.

8.

Please admit that Plaintiff's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject collision.

9.

Please admit that this court has personal jurisdiction over Defendant for purposes of this lawsuit.

10.

Please admit that venue for the above styled action is proper in DeKalb County, Georgia.

11.

Please admit that service of process on Defendant was proper.

COMES NOW Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendants (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your

behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of BEY & ASSOCIATES, 191 Peacthtree Street, N.E., Suite 3300, Atlanta, GA 30303 ,within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

### DEFINITIONS

When used in these Interrogatories, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendant. As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(1)    "You" and "your" means and refers to the Defendant to whom these interrogatories are directed, and includes your agents, employees, insurance

company and their agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2)    The term "document" means and includes all correspondence, writings, records, memoranda, drawings, graphs, charts, photographs, motion pictures, videotapes, videodisks, audiotapes or other sound recordings, books, ledgers, financial

records, checks, drafts, receipts, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form.

(3)    "Person" includes any individual, corporation, partnership, government, or business entity, and group of persons associated in fact although not a legal entity.

(4)    "Identify" means the following:

    (a)    When used with respect to individuals, means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person;

    (b)    When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, address and telephone number of such "person" together with the name, address, telephone number and job title of the employee, agent, servant or

representative of such "person" who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c)     When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned) and state the name, address and telephone number of the person who presently has possession, custody or control over each item of real or documentary evidence listed; and (d) When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

II.   **INTERROGATORIES**

1.

Please state your full name, current address, current employer, date of birth, social security number, and driver's license number.

2.

State the name and address of any person, including any party, who to your knowledge information or belief:

(a)     was an eyewitness to the incident underlying this litigation;

(b)     has some knowledge of any fact or circumstance upon which your defense is based;

or

(c)     has conducted any investigation relating to the incident underlying this

litigation or he background, employment, medical history or activities of

the Plaintiff.

3.

Please identify any and all statements or reports given by any person identified in

your

response to Interrogatory No. 2.

4.

Has any entity issued a policy of liability insurance to you or which is or arguably

should be extending insurance coverage to you? If so, please state for each policy:

(a)     the name of the insurer providing liability insurance;

(b)     the limits of coverage;

(c)     the name of the insured on the policy; and (d) the policy number.

5.

Has any insurer referred to in your answer to Interrogatory No. 4 denied coverage

or reserved its rights to later deny coverage under any such policy of liability insurance?

If so, please explain.

6.

State each and every fact supporting your contention that the Plaintiffs actions

contributed to the incident underlying this litigation and identify: (a)  each      eyewitness

that will testify to those facts; and (b)     each and every document or tangible piece of

evidence that will evidence

those facts.

injuries pre-existed the incident underlying this litigation and identify:

    (a)    each eyewitness that will testify to those facts; and

    (b)    each and every document or tangible piece of evidence that will evidence
those facts.

12.

State each and every fact supporting your contention that the Plaintiff has uttered

inconsistent statements with regard to material facts at issue in this litigation and identify:

    (a)    each eyewitness that will testify to those facts; and

    (b)    each and every document or tangible piece of evidence that will evidence
those facts.

13.

If you contend that the Plaintiff has been convicted of or pled guilty to a crime of

moral turpitude and/or felony, please identify:

    (a)    each eyewitness that will testify to those facts; and

    (b)    each and every document or tangible piece of evidence that will evidence
those facts.

14.

What do you contend caused the incident underlying this litigation?

15.

State each and every fact supporting your contention that you are not the sole

proximate cause of the incident underlying this litigation and identify: (a)  each

eyewitness that will testify to those facts; and (b)     each and every document or tangible

piece of evidence that will evidence those facts.

16.

What was/were the disposition(s) of the traffic citation(s) issued to you in relation to the incident underlying this litigation?

17.

Do you contend that any of the named Defendants have been improperly named as party to this action and/or that improper or incorrect agents for service were utilized to effectuate service upon the Defendants? If your answer to either of these inquiries is "yes", please provide a detailed explanation as to why you contend that any of the named Defendants have been improperly named or the agents used for service were improper and provide the complete and correct name of the entities or individuals you contend should have been named and/or served.

18.

Do you contend that venue is improper in this court as to any of the named Defendants, jurisdiction is lacking over any of the named Defendants in this Court, or that service of process has been deficient on any of the named Defendants in this matter? If so, please describe and state with specificity all factual and legal basis supporting any such contention(s).

19.

With regard to the vehicle being operated at the time of the subject incident, please identify:

(a)    the owner of the vehicle;

(b)    who paid for the gas and maintenance on the vehicle;

(c)    the frequency with which you drove the vehicle;

(d)   and if you did not own the vehicle, state whether or not you had the permission of the owner to be driving the vehicle at the time of the subject incident.

20.

Do you have a driver's license? If so, please state when you first acquired any driver's license, what type it is, and what are/were the restrictions on it.

21.

At any other time, either before or after the subject incident, have you ever been arrested for driving under the influence or for any other drug or alcohol related charge?

22.

What is your citizenship and identify any documents supporting your contention.

23.

For each request to admit that you denied, please identify:

(a)   each eyewitness that will testify to those facts supporting your denial; and

(b)   each and every document or tangible piece of evidence that will evidence facts supporting your denial.

## II.   REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Any and all videotapes, photographs, plats or drawings of the vehicles, parties, scene of the incident or any other matter material to the incident underlying this litigation.

2.

Any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician identified in

your response to Interrogatory No. 7.

3.

Any and all medical records, videotapes, photographs or other evidence concerning, referencing or depicting Plaintiff.

4.

A copy of any and all photographs and/or videotapes depicting the Plaintiff doing anything.

5.

Any and all documents obtained through a request for production of documents or subpoena.

6.

Any and all documents regarding the property damage estimate of repairs and/or repair bills which you claim were sustained as a result of the incident.

7.

Any and all documents which would in any way challenge, diminish or refute any of the Plaintiff's claimed injuries, medical and/or hospital bills, or lost earnings related to the subject incident.

8.

Any and all insurance policies, including declarations pages, which might provide benefits related to the subject incident regardless of whether the insurer agrees there was coverage.

9.

Any and all taped or written statements taken from Plaintiff, or any other potential

witnesses to this lawsuit, by anyone acting on behalf of Defendants or Defendants' insurer(s).

### 10.

Any and all documents, books, writings or other tangible things which support any defenses you rely upon in your defense to this lawsuit.

### 11.

A copy of the title and tag registration on the vehicle you were driving at the time of

the subject incident.

### 12.

Any and all documents reflecting the disposition of any charges made against you in

the subject incident, including the citations identified in your answer to Interrogatory No.16.

### 13.

A copy of your current driver's license and all drivers' licenses you have held in the past five (5) years.

### 14.

Any and all documents related to Plaintiff's medical treatment for injuries allegedly received in the subject incident.

### 15.

Any and all documents related to the medical treatment Plaintiff received prior to

38.

All records regarding the tractor trailer and driver involved in this incident which you maintain with regard to the International Fuel Tax Agreement (IFTA).

39.

All log book audits of Aaron Salvatore from the time he became your employee to present.

These Request for Admissions, Interrogatories and Request for production of documents are being served upon Defendant along with the Summons and Complaint.

Respectfully submitted this 17th day of October 2013.

N. John Bey
Georgia Bar No.: 118279
*Attorney for the Plaintiff*

**BEY & ASSOCIATES, LLC.**
191 Peachtree Street, N.E.
Suite 3300
Atlanta, GA 30303
Phone: 404-344-4448
Fax: 404-393-6107
Email: john@beyandassociates.com

STATE COURT OF
DEKALB COUNTY, GA.
2013 OCT 18  PH 12: 20
FILED
BY:
DEPUTY CLERK



IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MARVIS L. STEWART,                          )
                                            )
    Plaintiff,                         )    CIVIL ACTION FILE NO.: 13A49144-6
                                            )
                                            )    JURY TRIAL DEMANDED
vs.                                         )
                                            )
C.R. ENGLAND, INC., ENGLAND LOGISTICS       )
INC., ENGLAND CARRIER SERVICES, ECS ,       )
PREMIER TRUCK DRIVING SCHOOL                )
and AARON SALVATORE MUTOLO,                 )
                                            )
    Defendants.                        )

---

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO C.R. ENGLAND,
INC., ENGLAND LOGISTICS INC., ENGLAND CARRIER SERVICES, ECS and
PREMIER TRUCK DRIVING SCHOOL**

---

      Plaintiffs hereby requests that Defendants admit for the purpose of this action the

truth of the following facts within forty-five (45) days after the date of service hereof and

in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or

denied, please state in detail the reasons why you cannot truthfully admit or deny the

matter. If you cannot admit or deny the request in its entirety, please specify that part

which you cannot admit or deny and state in detail the reasons for any such

qualifications. If you assert any claim of privilege in response to any or all of these

requests, set forth, with respect to each such request(s) as to which a claim of privilege is

asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and

the basis for your claim.

## REQUESTS FOR ADMISSIONS

Pursuant to O.C.G.A § 9-11-36, you are requested to admit for the purposes of the pending action the following statements or opinions of fact or the regulation of law to the facts:

1.

Your corporate name is correctly stated in the complaint

2.

You were lawfully and properly served with the summons and Complaint in this lawsuit.

3.

Jurisdiction is proper in this court.

4.

Venue is proper in this court.

5.

Please admit that the motor vehicle operated by Defendant was either owned by Defendant or was being operated by Defendant with the knowledge, permission, and consent of its owner.

6.

Please admit that the Defendant was negligent hiring, retention, entrustment of Defendant Aaron Salvatore, operator of the tractor trailer, which is the subject collision.

7.

Please admit that the Defendants was the owner of an insurance policy which

insured defendant Aaron Salvatore and the tractor-trailer which is the subject collision.

8.

Please admit that Plaintiff was injured in the subject collision.

9.

Please admit that the Plaintiff's actions did not cause or contribute to the subject collision.

10.

Please admit that Plaintiff incurred medical expenses for treatment of injuries resulting from this subject collision.

11.

Please admit that Plaintiff's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject collision.

12.

Please admit that this court has personal jurisdiction over Defendant for purposes of this lawsuit.

13.

Please admit that venue for the above styled action is proper in DeKalb County, Georgia.

14.

Please admit that service of process on Defendant was proper.

## INTERROGATORIES

1.

Please state the name, last known residence and business address, last known residence and business telephone numbers, employer, Social Security number and date of birth of each person who:

a.  May have seen any part of the incident complained of, or who may have or claims to have arrived at the scene of the incident complained of, immediately or shortly before or after the happening;

b.  Has knowledge of facts concerning the incident complained of, the Plaintiff's physical and mental condition, or any other discoverable information;

c.  Is your present or former employee, agent or independent contractor who in any way participated in the maintenance, operation, dispatching or record keeping with regard to the vehicle operated by Aaron Salvatore in the collision referred to in Plaintiff's complaint, at any time from thirty (30) days prior to the incident complained of until ten (10) days after the incident complained of;

d.  Participated in the loading of the vehicle operated by Aaron Salvatore for the trip during which occurred the collision referred to in the Plaintiff's complaint;

e.  You expect to call as an expert witness at trial, stating for each such expert witnesses the subject matter upon which he is expected to testify, the substance of the facts and opinions to which he is expected to testify, a

summary of the grounds for each such opinion and a list of each document or tangible thing you provided to such expert; and/or

f. Has investigated any aspect of the accident or any person's claims of injury and damage, including but not limited to the surveillance of the Plaintiff.

2.

With regard to any insurance agreements that might provide you with any coverage as to the occurrence set forth in the Complaint, including primary, excess, supplemental or umbrella coverages, and all endorsements thereto including MCS-90 endorsements, please state as to each:

a. The policy number;

b. The policy limits of any liability or medical payments coverage;

c. The complete name and address of the insurance company issuing the policy, indicating which company or companies are providing a defense to this action;

d. The claim number and/or file number of the insurance carrier issuing the policy;

e. Whether or not you are being represented under a reservation of rights or a non-waiver agreement and, if so, the specific reason for such reservation or non-waiver.

3.

If you or anyone acting on behalf of your insurer has obtained from any person any affidavit, statement (written or recorded or oral) or deposition concerning any aspect of

this litigation, please identify each statement by stating the name of the person giving the statement, the name of the person taking the statement, the date of the statement, and the present custodian of the statement.

4.

Please state the name, address and telephone number of the driver of the rig involved in the collision and whether the driver is your regular employee.  If so, state the date employment began and whether he/she is still in your employ.

5.

Please identify the owner(s) of both the tractor trailer involved in the collision at issue in this lawsuit and describe the tractor trailer by stating the manufacturer, year of manufacturer, model and configuration.

6.

If you contend that your company is not liable for the incident, state in exact detail all facts supporting this contention.

7.

Please identify each credit debit or other financial services card or other service issued for use and/or used by Defendants for purchasing gasoline, oil, food, lodging and to pay tolls and taxes within ninety (90) days prior to the subject collision, stating as to each the exact name on each such card, the name and address of the issuing bank or other card issuer, and the number of each such account.

8.

Please state with specificity the make, model, service provider's name and address, and user identification (number, address, screen name, user name, etc.) of each of the

following items of electronic equipment located on your truck at the time it was involved in the incident described in the Plaintiff's Complaint; on board communications, dispatch or fleet management system; cellular telephone; email or texting system; CB (Citizen's Band) radio and antennas; radar detector; on board fax machine; on board telephone; on board beeper; automatic on-board recording device; electronic control module; electronic engine data recorder; on board tachograph; and on board computer recorder.

9.

Please state whether you have retained a driver qualification file for the driver of the vehicle.  If so, list each document in that file.

10.

Please state the place of the origin and the place of destination of the truck involved in the accident indicating the exact time when the truck left its place of origination and what time it was scheduled at its place of destination.

## REQUESTS FOR PRODUCTION

Please produce the following:

1.

At a mutually agreeable time and place, produce the tractor and trailer involved in the collision for inspection and for downloading all computer data from the tractor's computer system to include but not limited to the Electronic Computer Modules, Event Data Recorders, Eaton VORAD collision warning system, and other similar systems, preserving all such data intact until the time of downloading.

2.

Please produce a complete copy of each insurance agreement, policy, contract or endorsement referred to your response in Interrogatory Number 2.

3.

With regard to the tractor operated by Defendant Defendants at the time of the subject collision, produce all records of on board communications, dispatch or fleet management system; CB (Citizen's Band) radio and antennas; radar detector; on board fax machine; on board telephone; on board beeper; automatic on board recording device; electronic control module; electronic engine data recorder; on board tachograph; and on board computer recorder.

4.

Please produce a copy of all transcripts of any traffic hearing, workers compensation hearing, disciplinary proceeding, trial, deposition or any other judicial or quasi-judicial hearing related to any proceeding arising from the incident complained of in this lawsuit.

5.

Please produce everything you provided to any expert referred to in your response to Interrogatories.

6.

Please produce all records relating to the maintenance and operation of the vehicle Defendants operated at the time and place of the collision referred to in the Plaintiff's Complaint, including but not limited to the records of maintenance, repair, inspection, invoices and work orders with regard to any parts, tires, brakes, steering, suspension or any other mechanical component of said vehicle, and all records documenting the

recording of time, speed and distance of the operation of the vehicle on the date of the incident complained of in the Plaintiff's Complaint.

7.

Produce the current resume of any/all experts you intend or expect to call at the trial of this case.

8.

Produce Defendant Defendants daily records of duty status from January 14, 2007 through January 14, 2008, together with all materials required by 49 C.F.R. 396.8 and 395.15, and all supporting documents maintained in the ordinary course of business, including but not limited to:

a. Bills of lading,

b. Carrier pros,

c. Freight Bills,

d. Dispatch records,

e. Driver call in records,

f. Gate record receipts,

g. Weight/Scale tickets,

h. Fuel receipts,

i. Fuel billing statements,

j. Toll receipts,

k. International registration plan receipts,

l. International fuel tax agreement receipts,

m. Trip permits,

n.  Port of entry receipts,

o.  Cash advance receipts,

p.  Delivery receipts,

q.  Lumper receipts,

r.  Interchange and inspection reports,

s.  Lessor settlement sheets,

t.  Over/short and damage reports,

u.  Agricultural inspection reports,

v.  CVSA Reports

w.  Accident reports

x.  Telephone billing statements

y.  Credit card receipts

z.  Driver fax reports,

aa.  On-board computer reports

bb.  Border crossing reports

cc.  Custom declarations,

dd.  Traffic citations

ee.  Overweight/oversize reports and citation, and

ff.  Other documents directly related to the motor carrier's operation, which are retained by the motor carrier in connection with the operation of its transportation business and/or can be used to verify information on the driver's records of duty status.

9.

All driver/vehicle inspection reports required un 49 C.F.R 396.11 for the tractor and trailer involved in the collision.

10.

All OmniTRAC, Qualcomm, NVPc, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, and other similar systems data for the six (6) months prior to the collision for the driver of this truck. You are hereby notified that you are required to place your supplier of the above system as your agent, on notice that it is to save this date.

11.

All maintenance, inspection and repair records of work orders on the tractor and trailer involved in the above collision.

12.

All annual inspection reports for the tractor and trailer involved in the above collision covering the date of the collision.

13.

Your complete personnel file for Defendant Aaron Salvatore.

14.

Your complete driver qualification and driver investigation history files regarding Defendant Defendants, Inc.,, as required by 49 C.F.R. § 391.51 and 391.53,  including and not limited to:

    a.  Application for employment, including all documents and records required by 49 C.F.R. § 391.21;

    b.  Every motor vehicle record received from each State pursuant § 391.23.(a)(1);

c.   Every certificate of driver's road test issued to the driver pursuant to §
391.31(c);

d.   A copy of every license or certificate which the motor carrier accepted as
equivalent to the driver's road test pursuant to §391.33;

e.   The motor vehicle record received from each State driver licensing agency to
the annual driver record inquiry required by § 391.25(a), including pre-
employment and annual records;

f.   Every document relating to the annual review of the driver's driving record as
required by §391.25(c)(2);

g.   A list of certificate relating to violations of motor vehicle laws and ordinances
required by §391.27;

h.   Driver's Certification of Prior Collisions;

i.   Driver's employment history;

j.   All records and documents regarding inquiries into driver's employment
history;

k.   Pre-employment MVR;

l.   Annual MVR for the last four years;

m.   Annual review of driver history pursuant to 49 C.F.R. § 391.25;

n.   Certificate of road test;

o.   Medical examiner's certificate for last two years, and all other documents and
records pursuant to 49 C.F.R. §391.41 and 49 C.F.R. § 391.43 through
391.47;

p.   Drug testing records; and

15.

All documents, records, video recordings, and other materials used with regard to training and instructions of Defendant Defendants, Inc., pursuant to 49 C.F.R. § 390.5(e) and 49 C.F.R. § 392.1.

16.

All photographs, videos, computer generated media, or other recordings of the interior and exterior of the vehicles involved in the collision, the collision scene, the occurrence, or relating to any equipment or things originally located at or near the site of the occurrence.

17.

The driver's pre-employment, random, and post-collision alcohol and drug testing results.

18.

Any lease contractors or agreements covering the driver or the tractor trailer involved in the collision.

19.

Any intercharge agreements regarding the tractor or trailer involved in this collision.

20.

Any data and/or printout from on-board recording devices, including, but not limited to, the EMC (electronic control module), or any onboard computer, tachograph, trip monitor, trip recorder, trip master or other recording or trucking device for the day of the

collision and the six month period proceeding the collision for the equipment involved in the collision.

21.

Any post-collision maintenance inspection, or repair records invoiced in regard to the tractor trailer involved in the above collision.

22.

Any emails, electronic messages, letters, memos, or other documents concerning the collision.

23.

The collision register maintained by the motor carrier as required by federal law for the one (1) year period proceeding the collision.

24.

Any drivers' manuals, guidelines rules of regulation given to the drivers such as the one involved in this collision.

25.

Any reports, memos, notes, logs or other documents evidencing complaints about the driver in the above collision.

26.

Any DOT reports, memos, notes or correspondence concerning the driver of the tractor trailer involved in the collision.

27.

The pre-trip inspection report completed by the driver for the trip involved in this collision.

28.

All settlement sheets and expense sheets for the truck driver pertaining to trips taken for the day of the collision and thirty (30) days prior to the collision.

29.

Cargo pickup or deliver orders prepared by motor carriers, brokers, shippers, receivers, driver or other persons, or organizations for thirty (30) days prior to the date of the collision as well as the day of the collision.

30.

All documents pertaining to the ownership of the tractor and trailer involved in this crash, including but not limited to title and registration documents.

31.

Accounting records, cargo transportation bills and subsequent payments or other records indicating billings for transportation or subsequent payment for the transportation of cargo, with both the front and back of cancelled cargo transported by the driver and/or truck involved in the collision for thirty (30) days prior to the date of the collision, as well as the day of the collision.

32.

Any other items associated in any way with the wreck, documents, database, or other piece of evidence concerning or reflecting on the driver, the collision, the tractor trailer, or the truck.

33.

If not previously listed,  any and all communications via CB radio, mobile or satellite communication systems, e-mail, cellular phone, pager or other cab communication device to include the bills for the devices for (7) days before, the day of, and two (2) days after the collision.

34.

If not previously listed, any and all computer, electronic, or email messages of any type created in the seven (7) days prior to the collision and the first forty-eight (48) hours immediately after the collision, by and between the defendant and any agents or third parties, as well as any computer message, which relate to this particular incident, whether generated or received by you or your agents.  We require that you put any vendors, hosts, persons or entities who store this data for you on notice of the need to preserve this data.

35.

If not previously listed, all documents required by Federal Motor Carrier Safety Regulation 395.8, specifically those items identified in the Department of Transportation's interpretation of the regulation.

36.

All documents identifying the insurer of the trailer involved in this crash, including but not limited to the documents naming the insurance company policy number on such trailer.

37.

All documents identifying any freight broker that was involved in making arrangements for transportation of the freight that was in the trailer at the time of the crash.

38.

All records regarding the tractor trailer and driver involved in this incident which you

maintain with regard to the International Fuel Tax Agreement (IFTA).

39.

All log book audits of Aaron Salvatore from the time he became your employee to

present.

These Request for Admissions, Interrogatories and Request for production of

documents are being served upon Defendant along with the Summons and Complaint.


Respectfully submitted this 17th day of October 2013.

N. John Bey
Georgia Bar No.: 118279
*Attorney for the Plaintiff*

**BEY & ASSOCIATES, LLC.**
191 Peachtree Street, N.E.
Suite 3300
Atlanta, GA 30303
Phone: 404-344-4448
Fax: 404-393-6107
Email: john@beyandassociates.com

STATE COURT OF
DEKALB COUNTY, GA.
2013 OCT 18 PM 12: 20
FILED
BY: _____
DEPUTY CLERK

# Utah Business Search - Details

## C.R. ENGLAND, INC.

**Entity Number:** 583027-0142
**Company Type:** Corporation - Domestic - Profit
**Address:** 4701 W 2100 S Salt Lake City, UT 84120
**State of Origin:** UT
**Registered Agent:** C T CORPORATION SYSTEM
**Registered Agent Address:**
1108 E SOUTH UNION AVE
Midvale, UT 84047

## Status: Active

**Status:** Active ⬤ *as of 01/31/2003*
**Renew By:** 12/31/2013
**Status Description:** Good Standing
The "Good Standing" status represents that a renewal has been filed, within the most recent renewal period, with the Division of Corporations and Commercial Code.
**Employment Verification:** <u>Not</u> Registered with Verify Utah

## History

**Registration Date:** 12/30/1960
**Last Renewed:** 12/12/2012

## Additional Information

**NAICS Code:** 4842 **NAICS Title:** 4842-Specialized Freight Trucking

## Doing Business As

ENGLAND CARRIER SERVICES
ECS
PREMIER TRUCK DRIVING SCHOOL

## Former Business Names

C. R. ENGLAND AND SONS, INC.



DEFENDANT'S
EXHIBIT

_B_

# Utah Business Search - Details

## ENGLAND LOGISTICS, INC.

**Entity Number:** 1215702-0142
**Company Type:** Corporation - Domestic - Profit
**Address:** 4701 W 2100 S Salt Lake City, UT 84120
**State of Origin:** UT
**Registered Agent:** NELSON HAYES
**Registered Agent Address:**
4701 W 2100 S
Salt Lake City, UT 84120

## Status: Active

**Status:** Active ⬤ *as of 01/31/2003*
**Renew By:** 12/31/2013
**Status Description:** Good Standing
The "Good Standing" status represents that a renewal has been filed, within the most recent renewal period, with the
Division of Corporations and Commercial Code.
**Employment Verification:** <u>Not</u> Registered with Verify Utah

## History

**Registration Date:** 12/30/1994
**Last Renewed:** 11/29/2012

## Additional Information

**NAICS Code:** 4842 **NAICS Title:** 4842-Specialized Freight Trucking

## Refine your search by:

- Search by:
- Business Name
- Number
- Executive Name
- Search Hints

Name:



# Utah Business Search - Details

## ENGLAND CARRIER SERVICES

**Entity Number:** 5665142-0151
**Company Type:** DBA
**Address:** 1325 S 4700 W SALT LAKE CITY, UT 84104
**State of Origin:**
**Registered Agent:** NELSON HAYES
**Registered Agent Address:**
4701 WEST 2100 SOUTH
SALT LAKE CITY, UT 84120

## Status: Active

**Status:** Active 🔘  *as of 06/17/2004*
**Renew By:** 06/30/2016
**Status Description:** Good Standing
The "Good Standing" status represents that a renewal has been filed, within the most recent renewal period, with the
Division of Corporations and Commercial Code.
**Employment Verification:** Not Registered with Verify Utah

## History

**Registration Date:** 06/17/2004
**Last Renewed:** 06/20/2013

## Additional Information

**NAICS Code:** 4841 **NAICS Title:** 4841-General Freight Trucking

## Refine your search by:

- Search by:
- Business Name
- Number
- Executive Name
- Search Hints



Name:

# Utah Business Search - Details

## ECS

**Entity Number:** 5671143-0151
**Company Type:** DBA
**Address:** 4701 W 2100 S Salt Lake City, UT 84120
**State of Origin:**
**Registered Agent:** NELSON HAYES
**Registered Agent Address:**
4701 WEST 2100 SOUTH
SALT LAKE CITY, UT 84120

## Status: Active

**Status:** Active  *as of 06/17/2004*
**Renew By:** 06/30/2016
**Status Description:** Good Standing
The "Good Standing" status represents that a renewal has been filed, within the most recent renewal period, with the Division of Corporations and Commercial Code.
**Employment Verification:** <u>Not</u> Registered with Verify Utah

## History

**Registration Date:** 06/17/2004
**Last Renewed:** 06/20/2013

## Additional Information

**NAICS Code:** 5223 **NAICS Title:** 5223-Activities Related to Credit Interm

## Refine your search by:

- Search by:
- Business Name
- Number
- Executive Name
- Search Hints



Name:

# Utah Business Search - Details

## PREMIER TRUCK DRIVING SCHOOL

**Entity Number:** 8208746-0151
**Company Type:** DBA
**Address:** 4701 W 2100 S SALT LAKE CITY, UT 84120
**State of Origin:**
**Registered Agent:** NELSON HAYES
**Registered Agent Address:**
4701 W 2100 S
SALT LAKE CITY, UT 84120

## Status: Active

**Status:** Active  *as of 01/19/2012*
**Renew By:** 01/31/2015
**Status Description:** Good Standing
The "Good Standing" status represents that a renewal has been filed, within the most recent renewal period, with the Division of Corporations and Commercial Code.
**Employment Verification:** <u>Not</u> Registered with Verify Utah

## History

**Registration Date:** 01/19/2012
**Last Renewed:** N/A

## Additional Information

**NAICS Code:** 6115 **NAICS Title:** 6115-Technical and Trade Schools

## Refine your search by:

- Search by:
- Business Name
- Number
- Executive Name
- Search Hints



Name:

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MARVIS L. STEWART,                        )
                                          )
              Plaintiff                   )
                                          )
v.                                        )        CIVIL ACTION FILE
                                          )        NO.  13A49144-6
C.R. ENGLAND, ENGLAND LOGISTICS,          )
INC., ENGLAND CARRIER SERVICES,           )
ECS, PREMIER TRUCK DRIVING                )
SCHOOL AND AARON SALVATORE                )
MUTULO,                                   )
                                          )
              Defendants                  )

## NOTICE OF FILING REMOVAL

TO:    Clerk, State Court of DeKalb County, Georgia.

In compliance with 28 U.S.C. § 1446 (d), you are hereby notified of the filing of a Notice

of Removal in this action with the United States District Court for the Northern District of

Georgia, Atlanta Division, a copy of which is attached hereto.

Respectfully submitted, this 13th day of November, 2013.

                              **DREW ECKL & FARNHAM, LLP**


                              Hall F. McKinley, III
                              Georgia Bar No. 495512
                              Leslie P. Becknell
                              Georgia Bar No. 046320
                              *Attorneys for Defendants*

880 W. Peachtree Street
Atlanta, GA  30309
404-885-1400
404-876-0992 (fax)

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MARVIS L. STEWART,                          )
                                            )
          Plaintiff                         )
                                            )
v.                                          )          CIVIL ACTION FILE
                                            )          NO.  13A49144-6
C.R. ENGLAND, ENGLAND LOGISTICS,            )
INC., ENGLAND CARRIER SERVICES,             )
ECS, PREMIER TRUCK DRIVING                  )
SCHOOL AND AARON SALVATORE                  )
MUTOLO,                                     )
                                            )
          Defendants                        )

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing Answer of Defendants C.R. England,

Inc., England Logistics, Inc., England Carrier Services, ECS, Premier Truck Driving School and

Aaron Salvatore Mutulo to Plaintiff's Complaint by depositing a true and correct copy of same

in the U.S. Mail, postage prepaid, addressed to all counsel of record as follows:

John N. Bey
Bey & Associates, LLC
91 Peachtree Street
Suite 3300
Atlanta GA 30303

This 13th day of November, 2013.

Leslie P. Becknell
Georgia Bar No. 046320

3790881/1
04626-086150